United States Court of Appeals
Fifth Circuit

**F I L E D**

June 21, 2005

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-41450
Conference Calendar

_____

UNITED STATES OF AMERICA,

                                   Plaintiff-Appellee,

versus

MARTIN LEDESMA-SANCHEZ,

                                   Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:04-CR-241-ALL
--------------------

Before WIENER, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

     Martin Ledesma-Sanchez (Ledesma) appeals his guilty-plea

conviction and sentence for attempted illegal reentry following

deportation.  He argues for the first time on appeal that the

sentencing provisions of 8 U.S.C. § 1326(b)(1) and (2) are

unconstitutional in light of Apprendi v. New Jersey, 530 U.S. 466

(2000).  Ledesma acknowledges that his argument is foreclosed by

Almendarez-Torres v. United States, 523 U.S. 224 (1998), but he

seeks to preserve the issue for Supreme Court review.  Apprendi

---

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

did not overrule Almendarez-Torres. See Apprendi, 530 U.S. at 489-90; United States v. Dabeit, 231 F.3d 979, 984 (5th Cir. 2000).

For the first time on appeal, Ledesma argues that the district court erred in imposing a sentence under a mandatory guideline scheme, in violation of United States v. Booker, 125 S. Ct. 738, 756-57 (2005). Because he did not raise this issue in the district court, this court reviews the argument for plain error. See United States v. Valenzuela-Quevedo, 407 F.3d 728, 732-33 (5th Cir. 2005). Ledesma makes no showing, as required by Valenzuela-Quevedo, that the district court would likely have sentenced him differently under an advisory sentencing scheme. See id. at 733-34. Similarly, there is no indication from the court's remarks at sentencing that the district court would have reached a different conclusion. Thus, Ledesma has not met his burden to show that the district court's imposition of a sentence under a mandatory guideline scheme was plain error. See id.; see also United States v. Olano, 507 U.S. 725, 732-35 (1993). Ledesma's conviction and sentence are affirmed.

Ledesma also contends that the written judgment incorrectly reflects that he was convicted of being present in the United States rather than of attempted illegal reentry, and he asks that the district court amend the written judgment pursuant to FED. R. CRIM. P. 36. The record reflects that Ledesma in fact pleaded guilty to attempted illegal reentry. Accordingly, we remand to

the district court for correction of the judgment pursuant to FED. R. CRIM. P. 36 to reflect that Ledesma was convicted of a violation of 8 U.S.C. § 1326 for attempted illegal reentry, not illegal reentry, into the United states after deportation.

AFFIRMED and REMANDED.